1   THOMAS B. WALPER (State Bar No. 96667)
thomas.walper@mto.com

2   JOHN W. BERRY (State Bar No. 295760)
john.berry@mto.com

3   MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor

4   Los Angeles, California 90071-3426
Telephone:   (213) 683-9100

5   Facsimile:   (213) 687-3702

6   RACHAEL E. MENY (State Bar No. 178514)
rmeny@keker.com

7   KEKER, VAN NEST & PETERS LLC
633 Battery Street

8   San Francisco, California 94111-1809
Telephone:   (415) 391-5400

9   Facsimile:   (415) 397-7188

10   *Counsel for Google LLC*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re | Bankruptcy Case No. 20-30242 (HLB) |
| ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| Debtor. | Hon. Hannah L. Blumenstiel |
| | Adv. Proc. No. _____ (HLB) |
| GOOGLE LLC, | **COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)** |
| Plaintiff, | |
| vs. | |
| ANTHONY SCOTT LEVANDOWSKI, | |
| Defendant. | |

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

Plaintiff and creditor Google LLC ("Google"), for its complaint against debtor and defendant Anthony Scott Levandowski ("Levandowski"), alleges as follows:

## INTRODUCTION

1. This case is about the non-dischargeability of an over $179 million debt owed by Levandowski to Google pursuant to a state court judgment entered against him on March 4, 2020.

2. Levandowski, a former employee of Google, filed bankruptcy the day that judgment was entered. The judgment arose from a December 2019 arbitral award issued in an arbitration that Google had brought against Levandowski in October 2016 after it was discovered that, while still a Google employee, he had formed competing companies and solicited Google employees to join him when he defected to Google's competitor, Uber Technologies, Inc. ("Uber"). A California state court confirmed the award and entered a judgment against Levandowski for the amount he owed under the award—$179,047,998.04.

3. Google filed a claim for this amount (and the post-judgment interest), and is the largest creditor in Levandowski's bankruptcy. The debt Levandowski owes Google under this award and judgment, and pursuant to Google's claim, arises from a willful and malicious injury committed by Levandowski against Google. Therefore, the debt should be excepted from discharge under 11 U.S.C. §523(a)(6).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## THE DEBT ARISING FROM WILLFUL AND MALICIOUS INJURY

6. From 2007 to 2016, Levandowski was an employee in Google's self-driving car business. By 2015, Uber was attempting to compete against Google in that field. That summer, Levandowski secretly approached Uber's then-management to discuss a potential deal where Levandowski would bring his know-how and a team of Google engineers over to Uber.

7. Toward that end, while still employed at Google, Levandowski (and a Google colleague) formed a company called Ottomotto LLC ("Otto") with the intent of soliciting

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

Google's employees to join the new company and then selling it to Uber so that Otto and Uber could compete against Google in the self-driving car space. Levandowski left Google in January 2016, along with several Google employees he had solicited while still employed at Google. Then, in April 2016, Levandowski and Uber entered into various agreements memorializing Uber's acquisition of Otto and its team of former Google employees.

8. In October 2016, Google filed two arbitration demands against Levandowski, *Google Inc. v. Anthony Levandowski* and *Google Inc. v. Anthony Levandowski and Lior Ron*, which were consolidated as JAMS Arbitration Case Reference No. 1100086069. In the arbitration, Google asserted claims against Levandowski for breach of his duties of loyalty, breach of his fiduciary duties, breach of contract and violations of California's Unfair Competition Law, Cal. Business and Professions Code §§ 17200 *et seq*. ("UCL").

9. After a two-week trial, with over 30 witnesses and 600 exhibits, the three-member arbitral panel (the "Arbitral Panel") unanimously found that Levandowski had breached his fiduciary and contractual duties owed to his former employer, Google, and had violated the UCL.

10. The Arbitral Panel's 123-page written award was issued in December 2019 (the "Award"). A copy of the redacted Award is attached as <u>Exhibit A</u>. The Award specified in detail how Google was harmed by Levandowski's conduct. The findings of the Award are incorporated herein.

11. While he was still employed at Google and without disclosing any of these actions to his employer, Levandowski purposefully: (a) helped form and finance a company from 2012 to 2015 to compete against Google (*see* Ex. A at 31-34); (b) engaged in "secret negotiations" with Uber from the summer of 2015 to early 2016 (*id*. at 35-38); (c) formed Otto in the fall of 2015 so that it could be sold to Uber and compete against Google (*id*.; *see also id*. at 50-53); and (d) successfully recruited and solicited 29 Google employees to join Otto between the fall of 2015 and early 2016 as "part of [his] plan to use Otto to compete with Google." *Id*. at 38-41.

12. Levandowski purposefully took these and other actions to harm Google. For example, as the Arbitral Panel found, Levandowski was "fully aware and intended that the sale of Otto's technology would give Uber a significant advantage over Google." *Id*. at 51. The "vision"

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

was to sell Otto and the Google employees who had joined Otto to Uber "to 'help Uber win the self-driving car race.'" *Id.* Also, "Levandowski told Uber that taking a team of Google employees to Uber would damage Google because they were going right across the street to the competitor." *Id.* Moreover, he "believed that the loss of this Google team to Uber could have a 'distressing hit on [Google's] valuation' and that [Google's self-driving car business's] 'valuation would be much lower.'" *Id.* As the Arbitral Panel further found, Levandowski expected that his plan would "inflict" "devastating damages" on Google. *Id.*

13. The Arbitral Panel awarded extensive monetary damages in Google's favor against Levandowski for the harm he had inflicted on Google. As the Arbitral Panel found, Levandowski's conduct was "pervasive and antithetical to his duties to Google." It awarded Google $174,786,091.24 to be paid by Levandowski.

14. Given the findings of the Arbitral Panel, and the record of his misconduct toward Google, the debt owed by Levandowski to Google under the Award is a debt arising from a willful and malicious injury of Google by Levandowski.

15. Google petitioned the California Superior Court to have the award confirmed and converted to a state court judgment. By order of the California Superior Court dated March 4, 2020, the state court confirmed the award. The court entered judgment against Levandowski and in Google's favor for $179,047,998.64, which includes the arbitral award of $174,786,091.24 plus post-award, pre-judgment interest of $4,261,907.40 (the "Judgment"). A copy of the Judgment is attached as <u>Exhibit B</u>.

16. Because it is based on the Award, the debt owed by Levandowski to Google under the Judgment is a debt arising from a willful and malicious injury of Google by Levandowski.

17. Google has a claim in Levandowski's Chapter 11 bankruptcy proceeding, *In re Anthony S. Levandowski*, Bankruptcy Case No. 20-30242 (HLB) for the amounts owed under the Judgment (the "Claim"). On July 6, 2020, Google filed a proof of claim for that Claim in the bankruptcy proceeding. A copy of that proof of claim is attached as <u>Exhibit C</u>.

18. Under Cal. Civ. Proc. Code § 685.010, post-judgment interest is accruing and will continue to accrue at a rate of 10% *per annum* on the Judgment and Google's Claim.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

## CLAIM FOR RELIEF

### (Exception to Discharge, 11 U.S.C. § 523 (a)(6))

19.     Google re-alleges and incorporates herein by reference its allegations of paragraphs 1-18 above as though fully set forth.

20.     The debt owed by Levandowski to Google under the Award and the Judgment, and pursuant to Google's Claim, is a debt arising from a willful and malicious injury of Google by Levandowski.  While he was a Google employee, Levandowski purposefully, willfully and maliciously formed Otto and another company to compete against Google, and formed Otto and solicited Google employees to join Otto so that Otto could be sold to Uber to help Uber better compete against Google.  Further, Levandowski purposefully, willfully and maliciously took these and other actions to inflict damage and injury upon and harm Google.

21.     The Award and Judgment reflect the amounts determined by the Arbitral Panel to be the appropriate remedy for Google's injury caused by Levandowski.  As such, the debt owed by Levandowski to Google under the Award and Judgment, and pursuant to Google's Claim, should be excepted from discharge under 11 U.S.C. §523(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff and creditor Google respectfully requests that the Court:

A.     enter a judgment against debtor and defendant Levandowski that Google's Claim arising from the Award and Judgment rendering Levandowski liable to Google in the principal amount of $179,047,998.64, plus pre-judgment interest, is excepted from discharge under 11 U.S.C. § 523(a)(6);

B.     enter judgment for post-judgment interest on the amounts owed under the Judgment in accordance with Cal. Civ. Proc. Code § 685.010;

C.     enter judgment for reasonable attorneys' fees and any and all costs incurred in pursuing this adversary proceeding; and

D.     enter judgment for any and all such other and further relief as this Court may deem just and proper.

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

Dated: June 17, 2022

By: _____*John W. Berry*_____
    John W. Berry
    MUNGER, TOLLES & OLSON LLP
    350 South Grand Avenue, 50th Floor
    Los Angeles, California 90071-3426
    (213) 683-9100
    john.berry@mto.com

    Rachael Meny
    KEKER, VAN NEST & PETERS LLP
    633 Battery Street
    San Francisco, California 94107-1809
    (415) 391-5400
    rmeny@keker.com

    *Counsel for Google LLC*

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)